FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA 2006 FEB 22  AM II: 52

STATESBORO DIVISION

CLERK _L. Flanders_
SO. DIST. OF GA.

ANDREW PRIESTER,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀CV 605-071
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
GLENN RICH, Warden, et al.,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Defendants.⠀⠀⠀⠀⠀⠀⠀)

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

⠀⠀⠀⠀The captioned matter, brought pursuant to 42 U.S.C. § 1983, is before the Court on

Defendants Robert McCloud's ("McCloud") and Deputy Warden R.D. Collins's ("Collins") 

motion to dismiss (doc. no. 3), which the Court has converted to a motion for summary 

judgment. (See doc. no. 10). Defendants Warden Glenn Rich ("Rich") and Reginald T. 

Langston ("Langston") have also filed motions "to dismiss," in which they adopt Collins and 

McCloud's motion for summary judgment as their own. (Doc. nos. 5 & 8). Plaintiff opposes 

Defendants' motions. (Doc. no. 14). Defendants also request that discovery in this case be 

stayed pending a resolution of their motions for summary judgment. (Doc. no. 27). Plaintiff 

also opposes this motion. (Doc. no. 29).

⠀⠀⠀⠀For the reasons below, the Court **REPORTS** and **RECOMMENDS** that the motions 

for summary judgment (doc. nos. 3, 5, 8) be **GRANTED**, that Defendants' motion to stay 

(doc. no. 27) be **DENIED** as **MOOT**, that Plaintiff's case be **DISMISSED** without prejudice 

for failure to exhaust administrative remedies, that an appropriate **FINAL JUDGMENT** be 

entered in favor of Defendants, and that this civil action be **CLOSED**.

## I. BACKGROUND

**A.      Plaintiff's Complaint**

        In his complaint, Plaintiff avers that, while he was an inmate at Rogers State Prison

("Rogers"), in Reidsville, Georgia, Defendants Langston, McCloud, Officer Byrd ("Byrd"),

and John Doe used excessive force against him on four different occasions between August

and December 2003. (Doc. no. 1, p. 3). Defendants Collins and Rich allegedly condoned this

behavior. (Id. at 6-8). When Plaintiff attempted to pursue administrative remedies, prison

officials (who are not named defendants) allegedly denied Plaintiff access to the needed

grievance forms. (Id. at 7). This denial of access purportedly continued even after Plaintiff

was transferred to Georgia State Prison ("GSP"), in Reidsville, Georgia. (Id.).

**B.      Defendants' Arguments**

        On the other hand, Defendants argue (among other things) that Plaintiff's failure to file

any grievance regarding the alleged use-of-force incidents demonstrates that Plaintiff failed to

properly exhaust his administrative remedies prior to filing suit as required by Prison Litigation

Reform Act ("PLRA"), 42 U.S.C. §1997e(a). Accordingly, Defendants argue that the instant

suit should be dismissed. (See generally doc. no. 4). In support of this argument, Defendants

have provided the affidavit of Tracy Page, Chief Counselor at Rogers. Page Aff. (attached at

doc. no. 3). In her affidavit, Ms. Page states that, at all times relevant to this litigation, Rogers

has maintained an inmate grievance procedure pursuant to Georgia Department of Corrections

Standard Operating Procedure ("SOP") IIB05-0001 § VI. Id. at 2-3. This administrative

remedy is available to all inmates at Rogers, regardless of their custody or housing status. Id.

Plaintiff never brought any grievance regarding use of excessive force, nor requested a

grievance form. Id. at 3, 4.

        Defendants also submit the affidavit of Sarah Draper, Manager of the Office of

2

Investigations and Compliance for the Georgia Department of Corrections. Draper Aff. (attached to doc. no. 17). Ms. Draper contends that a search of Plaintiff's inmate records demonstrates that he has never filed any grievance regarding the alleged use-of-force incidents. Id. at 6. Ms. Draper also reiterates Ms. Page's contention that grievance forms were readily available to all inmates at Rogers. See generally id. Finally, Ms. Draper provides that, since Plaintiff's January 20, 2004, transfer to Georgia State Prison, he brought a grievance on October 13, 2005, regarding lost property. Id. at 6, 7.

**C.    Plaintiff's Response**

In response, Plaintiff renews his argument that he "tried to file a grievance, but his counselor never brought him a grievance form." (Doc. no. 14, pp. 1-2). Plaintiff also argues that he did not have access to grievance forms because he was "locked down in the Special Management Unit" ("SMU"). (Id. at 2). Plaintiff also contends that he did not pursue administrative remedies for fear of violent reprisal. (Id. at 4). Accordingly, Plaintiff argues that no administrative remedy was "available" and thus that he cannot be deemed to have failed to exhaust administrative remedies under the PLRA. (Id. at 5).

In support of these allegations, Plaintiff proffers: 1) a statement from Plaintiff wherein he describes Defendants' alleged use of excessive force, see Pl.'s Ex. A (attached to doc. no. 14); 2) another statement from Plaintiff wherein he alleges that various prison officials at Rogers and GSP repeatedly refused to give him grievance forms, see Pl.'s Ex. B (attached to doc. no. 14); 3) an affidavit from former corrections officer Tommy Cardell describing incidents of inmate abuse at Rogers, prison counselors' attempts to discourage and prevent inmates from filing grievances, and Defendants' violent reprisals when inmates resorted to the administrative process, see Pl.'s Ex. C (attached to doc. no. 14); and 4) a statement from inmate Gregory Bryant ("Bryant") describing Defendants' retaliation against him for filing

3

grievances. See Pl.'s Ex. D (attached to doc. no. 14).

**D.     The Administrative Grievance Process**

Therefore, the key issue in this case is whether Plaintiff has complied with § 1997e(a). Before assessing this question, it will be helpful to explain the grievance procedure used in the Georgia state prison system. In support of their motions, Defendants have filed the version of SOP IIB05-0001 § VI in effect at the time of the alleged use-of-force incidents. See Def.'s Ex. A, SOP IIB05-0001 § VI (Eff. date May 1, 2003)(attached to doc. no. 4).

Under then-existing SOP IIB05-0001 § VI(D), an inmate had five business days (a limit that could be waived for good cause) "from the date the inmate discovered, or reasonably should have discovered, the incident giving rise to the complaint" to file a grievance; the Warden then had thirty (30) days to review and respond to the grievance. Id. § VI(D)(5). Once the Warden provided a response, the inmate could appeal the response to the Office of the Commissioner by completing a Grievance Appeal Form and submitting it and the original grievance form to the inmate's assigned counselor or Grievance Coordinator. Id. § VI(D)(5) (k)-(n). The Commissioner's Office had ninety (90) days after receipt of the appeal to respond. Id. § VI(D)(5)(o). The grievance procedure terminated upon the issuance of a response from the Commissioner's Office. Id.

Having clarified the factual background of the case, the Court turns to the merits of the motion for summary judgment.[1]

_____

[1]The Court is aware that SOP IIB05-0001 § VI was revised on June 1, 2004. See Hooks v. Rich, CV 605-065, doc. no. 5, Ex. 1, (S.D. Ga. Aug. 17, 2005), SOP IIB05-0001 § VI(D)(5)(Eff. date June 1, 2004); United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir.1987) ("A court may take judicial notice of its own records and the records of inferior courts."). Although there are several differences between the current version of the SOP and that in effect at the time of the alleged use-of-force incidents, the basic framework of the grievance process is essentially the same. See CV 605-065, doc. no. 5, Ex. 1, SOP IIB05-0001 § VI(D)(5)(Eff.

4

## II.  DISCUSSION

### A.  Summary Judgment Standard

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Applicable substantive law identifies which facts are material in a given case.[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When seeking summary judgment, the movant must show, by reference to materials on file, that there are no genuine issues of material fact to be decided at a trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). If the burden of proof at trial rests with the movant, to prevail at the summary judgment stage, the movant must show that, "on all the essential elements of its case . . . , no reasonable jury could find for the nonmoving party." United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991) (en banc). On the other hand, if the non-moving party has the burden of proof at trial, the movant may prevail at the summary judgment stage either by negating an essential element of the non-moving party's claim or by pointing to specific portions of the record that demonstrate the non-moving party's inability to meet its burden of proof at trial. Clark, 929 F.2d at 606-08 (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)). Merely stating that the non-moving party cannot meet its burden at trial is not sufficient. Clark, 929 F.2d at 608. Evidence presented by the

---

date June 1, 2004). Of particular note, the current SOP retains a good cause exception to the timeliness requirements of the administrative process. See id. § VI(C)(2) & (D)(2)(Eff. date June 1, 2004).

[2]The Court is mindful that for purposes of summary judgment, only disputes about material facts are important. That is, "[t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1244 (11th Cir. 2003) (citation omitted).

movant is viewed in the light most favorable to the non-moving party. Adickes, 398 U.S. at 157.

If the moving party carries the initial burden, then the burden shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark, 929 F.2d at 608. The non-moving party cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981). Rather, the non-moving party must respond either by affidavits or as otherwise provided in Fed. R. Civ. P. 56. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255 (quoting Adickes, 398 U.S. at 158-59). A genuine issue of material fact is said to exist "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

**B.    Plaintiff Failed to Exhaust Administrative Remedies as Required by § 1997e(a).**

As the exhaustion of administrative remedies is a prerequisite to filing suit under the PLRA, exhaustion is a threshold inquiry. The PLRA's mandatory exhaustion requirement applies to all federal claims brought by any inmate. Porter v. Nussle, 534 U.S. 516, 520 (2002). Furthermore, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. Alexander v. Hawk, 159 F.3d 1231, 1325-26 (11th Cir. 1998). Simply put, if an administrative remedy is "available," it must be exhausted. 42 U.S.C. § 1997e(a).

To properly exhaust his claims, an inmate must satisfy any and all procedural requisites, including "administrative deadlines." Johnson v. Meadows, 418 F.3d 1152, 1154

6

(11th Cir. 2005), *petition for cert. filed* (U.S. Sept. 8, 2005)(No. 05-6336). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Id. at 1159. Put plainly, "a Georgia prisoner 'must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures.'" Salas v. Tillman, No. 05-10399, 2006 WL 122426, at *2 (11th Cir. Jan. 17, 2006) (citing Johnson, 418 F.3d at 1155); see also Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999)("Since appellant has not sought leave to file an out-of-time grievance, he cannot be considered to have exhausted his administrative remedies."). Similarly, in order to exhaust all available administrative remedies, an inmate must pursue an administrative appeal if his grievance is denied. Moore v. Smith, 18 F. Supp.2d 1360, 1362 (N.D. Ga. 1998).

Here, Plaintiff admittedly failed to pursue *any* administrative remedy prior to filing suit. Nevertheless, Plaintiff argues that no administrative remedy was "available" to him because: 1) prison officials at Rogers and GSP have denied him access to the grievance procedure; and 2) the certainty of violent reprisal made administrative remedies "practically unavailable." (Doc. no. 14, p. 4). These arguments are unavailing.

To begin, the Court is not persuaded by Plaintiff's argument that "general knowledge of [a] pattern and practice of brutally retaliating against inmates who file grievances" renders administrative remedies "practically unavailable." (Id.). To accept such an argument would eviscerate the exhaustion requirement. First, to the extent Plaintiff raises a veiled argument that the grievance procedure at Rogers was inadequate or that resort to administrative remedy would have been futile, the Eleventh Circuit has foreclosed any such argument. Alexander,

7

159 F.3d at 1325-26.

Moreover, in Porter, cited *supra*, the Supreme Court held that the PLRA's exhaustion requirement applied even to a prisoner alleging that the use of excessive force was a "prevailing circumstance" at his place of incarceration. 534 U.S. at 532. Justice Ginsberg, writing for a unanimous Court, explained that a prisoner's allegations of "a prolonged and sustained pattern of harassment and intimidation by corrections officers," cannot serve to remove his case from the ambit of § 1997e(a). Id. at 530. Thus, the undersigned is not persuaded that Plaintiff's alleged "general knowledge" of incidents of excessive force or retaliation at Rogers served to render administrative remedies unavailable.

More importantly, although it is arguable that threats of violent reprisal can, under certain circumstances, render administrative remedies "unavailable" or otherwise justify an inmate's failure to pursue them, see, e.g., Hemphill v. New York, 380 F.3d 680, 686-91 (2d Cir. 2004), the Court is not persuaded that the instant case presents any such circumstances. Plaintiff was transferred to GSP on January 20, 2004. Thus, any fear of reprisal from Defendants cannot justify Plaintiff's failure to seek leave to file an out-of-time grievance following his transfer. Indeed, since his transfer, Plaintiff has resorted to the grievance process, albeit in regard to a different matter. Draper Aff., p. 7. In sum, Plaintiff's transfer to GSP negates his argument that he failed to file a grievance because he was afraid Defendants would retaliate.

Plaintiff's argument that prison officials at Rogers and GSP denied him access to grievance forms is similarly unconvincing. First, even assuming *arguendo* that officials at Rogers obstructed his efforts to obtain grievance forms, this does not explain Plaintiff's

8

failure to attempt to file an out-of-time grievance after his transfer to GSP. Likewise, Plaintiff's averment that he did not have access to grievance forms while housed in the SMU at Rogers cannot explain his failure to pursue an out-of-time grievance after his transfer to GSP. Of course, Plaintiff avers that unidentified staff at GSP continued to deny him access to grievance forms. This farfetched contention simply cannot be taken at face value. Not infrequently, this Court has considered cases involved the alleged use of excessive force at GSP; even in these cases, GSP officials have not prevented prisoner plaintiffs from fully exhausting the administrative process. See, e.g., Palmer v. Smith, CV 604-075 (S.D. Ga. June 29, 2004). Plaintiff's suggestion that prison officials at GSP denied him access to grievance forms for over two years in order to protect colleagues at Rogers is sorely lacking in credibility. The believability of the averment is further eroded by the fact that other inmates at Rogers who have recently brought excessive force claims against Defendants did file grievances regarding their claims. See, e.g., Hooks v. Rich, CV 605-065 (S.D. Ga. July 13, 2005).

At any rate, Plaintiff's allegation is belied by the fact that he has filed a grievance since his transfer to GSP. Thus, it is abundantly clear that administrative remedies are in fact available to Plaintiff. Finally, the Court also notes that the presiding District Judge recently rejected Plaintiff's argument in a strikingly similar case brought by inmate Bryant against Defendants. See Bryant v. Rich, CV 605-064, doc. no. 38, *adopted by* doc. no. 51 (S.D. Ga. Jan. 23, 2006)(notice of appeal filed Feb. 9, 2006). Simply put, the Court concludes that Plaintiff has failed to exhaust available administrative remedies with regard to any of his claims against Defendants.

Accordingly, Defendants are entitled to summary judgment.[3] Nevertheless, the Court declines to recommend that the instant case be dismissed with prejudice. Cf. Johnson, 418 F.3d at 1157 (quoting Marsh v. Jones, 53 F.3d 707, 710 (5th Cir. 1995)) ("[w]ithout the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one"). It is the longstanding practice of the Court to dismiss cases such as this one without prejudice, in order that the prisoner plaintiff may attempt to properly exhaust administrative remedies. See, e.g., CV 605-064, doc. no. 51. Defendants have not requested that Plaintiff's case be dismissed with prejudice. Thus, although it is at least arguable that the Court has authority to dismiss Plaintiff's claims with prejudice for failure to exhaust administrative remedies, the Court determines that it would not be appropriate to do so at this time.

### III. CONCLUSION

For the above reasons, the Court **REPORTS** and **RECOMMENDS** that the motions for summary judgment (doc. nos. 3, 5, 8) be **GRANTED**, that Defendants' motion to stay (doc. no. 27) be **DENIED** as **MOOT**, that Plaintiff's case be **DISMISSED** without prejudice for failure to exhaust administrative remedies, that an appropriate **FINAL JUDGMENT** be entered in favor of Defendants, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 22nd day of February, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court's conclusion in this regard pretermits consideration of Defendants' remaining arguments.

10